BRYANT and MARY ROTHFELD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rothfeld v. Commissioner
Docket No. 5898-79.
United States Tax Court
T.C. Memo 1980-362; 1980 Tax Ct. Memo LEXIS 220; 40 T.C.M. (CCH) 1162; T.C.M. (RIA) 80362; September 9, 1980, Filed Bryant Rothfeld, pro se. Darwin R. Thomas, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1976 in the amount of $1,596.40 and an addition to tax under section 6651(a), I.R.C. 1954, [1] in the amount of $106.10. Most of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for our decision only whether petitioners are entitled to a deduction of $200 for political contributions. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Torrance, California, at the time of the filing of their petitioner in this case, *222 filed a joint Federal income tax return for the calendar year 1976. During the year 1976 petitioner, as he had done in a number of prior years, made cash contributions ranging in amounts from $10 to $25 to various candidates for local and national office. Generally these amounts would be contributed by petitioner when he attended a rally or a local neighborhood party which was raising funds for the candidate. Either the same day petitioner made the contribution or the following day, petitioner would write the name of the candidate to whom the contribution was made, and the date of the contribution on a sheet of note paper. The first date appearing on the page of note paper with the heading "Political Contr. - 1976," is January 27 and the last date is November 4. The total amount shown as contributed by petitioner on the sheet which he kept during 1976 is $210.91. Petitioners on their Federal income tax return for the calendar year 1976 claimed under miscellaneous deductions "Political Contributions" in the amount of $200. Respondent in his notice of deficiency disallowed petitioners' claimed deduction for political contributions with the explanation: "Since you did not establish *223 that you made these political contributions, we have disallowed the credit." OPINION Section 218(a) provides for a deduction for political contributions made to candidates for local, State, or national office. Section 218(b)(1) limits the amount of the deduction for taxpayers who file a joint return to $200, and section 218(b)(2) specifically provides that the deduction is allowable with respect to any political contribution "only if such contribution is verified in such manner as the Secretary shall prescribe by regulations." [2]
*224 Section 1.218-0, Income Tax Regs., with respect to deductions for political contributions, states in full as follows: "See sections 1.41-0 through -8 for regulations that apply to section 218." Section 1.41-5, Income Tax Regs., [3] provides that in order for a taxpayer to be entitled to a deduction under section 218 for a political contribution he "must have a written receipt to substantiate any claim that a contribution was made." The regulation further provides that a canceled check, the payee of which is a person to whom political contributions are deductible, or a fund to which such contributions are deductible, will ordinarily meet the requirement of a receipt. Section 1.41-0 through -7 of the Income Tax Regulations were, except as otherwise provided, made applicable to political contributions made in taxable years beginning after December 31, 1971. *225 Section 1.41-0 through -8 of the Income Tax Regulations were proposed on September 19, 1972, such proposed regulations appearing in 37 Fed. Reg. 19140 (1972), and were adopted on March 26, 1979, by T.D. 7603, 1979-1 C.B. 5. The provision of section 1.41-5 of the regulations as adopted is identical to section 1.41-1(a)(2)(iii) of the proposed regulations with respect to the requirement for verification of the contribution by a written receipt or canceled check. When petitioner produced at the trial the note paper on which he had entered the date, name of candidate or fund, and amount of cash contribution which he claimed to have made, counsel for respondent stated, after reviewing the document, that respondent no longer questioned that petitioner had made the cash contributions but relief solely, in support of his disallowance of the claimed deduction, on petitioner's lack of proper verification of the contributions in accordance with the Income Tax Regulations. Petitioner's general argument at the trial was that since he kept a record of all his contributions and other deductible items on note paper, it was unfair to disallow him a deduction for the *226 claimed political contributions on the basis that such a record was not sufficient for allowance of the deduction. Although not stated in such terms, we gather that petitioner's argument is that respondent's regulation requiring a taxpayer to have a written receipt to substantiate a claimed deduction for political contributions is arbitrary, or at least is arbitrary when made retroactive. Section 1.41-7, Income Tax Regs., [4] provides that a deduction for a political contribution made before January 1, 1980, will be allowed if it meets the requirements for deduction under the notice of proposed rulemaking published on September 19, 1972 (37 Fed. Reg. 19140 (1972)). On February 23, 1972, prior to the publication of the proposed regulations, respondent issued Technical Information Release 1145 (published as Announcement 72-56, I.R.B. 1972-19, 35) which contained guidelines relating to political contribution deductions. Question 6 was an inquiry as to the verification required of a taxpayer claiming such a deduction, and the answer was that the taxpayer must have a written receipt in order to substantiate the deduction, but that a canceled check made payable to the candidate *227 would be generally considered to be a written receipt. In our view, requiring a written receipt to verify a cash political contribution is not arbitrary. The statute permitting deductions for political contributions specifies that the contribution be to a candidate for local, State, or Federal office, or to certain specified political organizations. Only a receipt signed by the person who is a candidate or on behalf of the political organization is sufficient to permit respondent to properly verify the claimed deduction. Likewise, there is nothing arbitrary in making the provisions of section 1.41-5 of the Income Tax Regulations retroactive. This is particularly true since respondent's position as set forth in this regulation had been *228 published since 1972. Helvering v. Reynolds, 313 U.S. 428 (1941); Manhattan General Equipment Co. v. Commissioner, 297 U.S. 129 (1936). Since petitioner did not have a written receipt or canceled check to support his claimed deduction for political contributions as required by respondent's regulations, he has failed to verify the claimed deduction in accordance with the statutory requirement. We decide the only issue before us for respondent. However, because of other issues which were disposed of by the parties, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue.↩
2. Sec. 218 provides in part as follows: SEC. 218. CONTRIBUTIONS TO CANDIDATES FOR PUBLIC OFFICE. (a) Allowance of Deduction.--In the case of an individual, there shall be allowed as a deduction any political contribution (as defined in section 41(c)(1)) or newsletter fund contribution (as defined in section 41(c)(5)) payment of which is made by such individual within the taxable year. (b) Limitations.-- (1) Amount.--The deduction under subsection (a) shall not exceed $100 ($200 in the case of a joint return under section 6013). (2) Verification.--The deduction under subsection (a) shall be allowed, with respect to any political contribution or newsletter fund contribution, only if such contribution is verified in such manner as the Secretary shall prescribe by regulations. (c) Election To Take Credit in Lieu of Deduction.--This section shall not apply in the case of any taxpayer who, for the taxable year, elects to take the credit against tax provided by section 41 (relating to credit against tax for contributions to candidates for public office). Such election shall be made in such manner and at such time as the Secretary or his delegate shall prescribe by regulations.↩
3. Sec. 1.41-5, Income Tax Regs., provides: Sec. 1.41-5 Credit or deduction for political and newsletter fund contributions--verifications. This section prescribes rules under sections 41(b)(3) and 218(b)(2) to tell a taxpayer how to verify political and newsletter fund contributions for which a credit or deduction is claimed. A taxpayer must have a written receipt to substantiate any claim that a contribution was made. A cancelled check, the payee of which is a person or fund described in section 41(c)(1) or (5), ordinarily meets this requirement. However, in appropriate cases, the Internal Revenue Service may require a taxpayer to furnish additional proof that the payee was a person or fund described in section 41(c)(1) or (5), or that the purpose of the payment was to make a political or newsletter fund contribution.↩
4. Sec. 1.41-7, Income Tax Regs., provides: Sec. 1.41-7 Credit or deduction for political and newsletter fund contributions--transitional rule for past contributions. A credit or deduction for a political contribution the payment of which was made before January 1, 1980 will be allowed if it meets the requirements for a credit or deduction under the notice of proposed rulemaking published on September 19, 1972 (37 FR 19140↩).